**Eddie JONES and Beverly Jones, Husband and Wife, Appellants,**

v.

**Alec GOULD and the Department of Interior, Secretary of Department of Interior, Appellees.**

No. 84–1400.

United States Court of Appeals, Eighth Circuit.

Submitted May 23, 1984.

Decided Aug. 23, 1984.

Donald J. Adams, Harrison, Ark., for appellants.

W. Asa Hutchinson, U.S. Atty., J. Michael Fitzhugh, Asst. U.S. Atty., Fort Smith, Ark., F. Henry Habicht, II, Asst. Atty. Gen., David C. Shilton, Claire L. McGuire, Attys., Dept. of Justice, Washington, D.C., for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Eddie and Beverly Jones appeal from the district court's dismissal of their quiet title action under 28 U.S.C. § 2409a (1982). For reversal, the Joneses argue that the district court's findings of fact regarding abandonment of the disputed property were clearly erroneous. We affirm.

In February, 1978, the United States acquired land in Newton County, Arkansas as part of the Buffalo River National Park by eminent domain, subject to existing easements for public roads and highways, utilities, railroads, and pipelines. At the condemnation proceedings, none of the affected parties claimed that a public road or highway existed on the property.

After the condemnation, the National Park Service sold a house located on the property for off-site removal, and Eddie Jones subsequently purchased it from a third party. Jones requested, and was issued, a six month Special Use Permit to move the house across park land to his adjoining land and drive across the park land until he could build a permanent access road on the adjoining property. After two extensions of the Special Use Permit, Jones requested permanent access across the park land. The Park Service denied this request, ordered Jones to stop using the temporary road, and built a fence across the road. As a result, the Joneses filed this quiet title action.

█ Jones claims that the public established a road on the property by adverse possession. He argues that because the United States took the property subject to all easements for public roads and highways, the Park Service improperly closed the road. Once a claimant establishes title by adverse possession, the landowner has the burden of showing abandonment. *Wade v. Moody*, 255 Ark. 266, 272, 500 S.W.2d 593, 596 (1973).

█ The district court found that the evidence, "without question," showed that if the public had ever established a public road, the public abandoned it many years ago. We will not reverse a district court's findings of fact unless the findings are clearly erroneous. Fed.R.Civ.P. 52(a). The record shows that a fence was constructed across the road as early as 1973. Furthermore, at the condemnation hearing neither the county nor Jones's predecessor claimed that a public road existed on the property. Finally, Jones applied for a Special Use Permit to use the road, which indicated that before this controversy arose he did not believe that the road was public. The district court's finding that no public road existed is correct.

Accordingly, the judgment of the district court is affirmed.